UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARYON ROBINSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DR. NAUGHTON, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:21-cv-00210-MMD-WGC<br><br>ORDER |

　　　　This action began with a pro se civil-rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. Plaintiff Daryon Robinson has applied to proceed *in forma pauperis*. (ECF No. 1). Based on the financial information provided, the Court finds that Robinson is unable to prepay the full filing fee in this matter.

　　　　The Court entered a screening order on October 22, 2021. (ECF No. 6). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 6, 8). The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 10).

　　　　For the foregoing reasons, **IT IS ORDERED** that:

　　　　1.　　Robinson's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Robinson shall not be required to pay an initial installment of the filing fee. If this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

　　　　2.　　The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

　　　　3.　　Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of

**DARYON ROBINSON, #1197184** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

4. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's First Amended Complaint (ECF No. 5) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

6. Subject to the findings of the screening order (ECF No. 6), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Robinson whether it accepts service on behalf of Defendant Dr. Naughton. If the Attorney General's Office cannot accept service on behalf of Dr. Naughton, the Office shall file under seal, but shall not serve the inmate Robinson, with Dr. Naughton's last known address. If Dr. Naughton's last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide that defendant's last known physical address.

7. If service cannot be accepted for Dr. Naughton, Robinson shall file a motion requesting issuance of a summons and specifying a full name and address for Dr. Naughton. If the Attorney General has not provided last-known-address information, Robinson shall provide the full name and address for the defendant.

8. If the Attorney General accepts service of process for Dr. Naughton, that defendant shall file and serve an answer or other response to the First Amended Complaint (ECF No. 5) within sixty (60) days from the date of this order.

9. Robinson shall serve upon defendant or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Robinson electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Robinson mails the document to the Court, he shall include with it a certificate stating the date that a true and correct copy of the document was mailed to the defendant or counsel for the defendant. If counsel has entered a notice of appearance, Robinson shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

10. This case is no longer stayed.

DATED THIS 20th day of January 2022.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE