UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARYON ROBINSON,<br><br>        Plaintiff<br><br>v.<br><br>DR. NAUGHTON,<br><br>        Defendant | Case No.: 3:21-cv-00210-MMD-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 17 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Dr. Naughton's motion for summary judgment. (ECF Nos. 17, 17-1.) Plaintiff filed a response. (ECF No. 27.) Dr. Naughton filed a reply. (ECF No. 28.) The court denied Plaintiff's motion for leave to file a sur-reply. (ECF Nos. 29, 30.)

After a thorough review, it is recommended that Dr. Naughton's motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Am. Compl., ECF No. 5.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*)

The court screened Plaintiff's amended complaint and allowed him to proceed with a single Eighth Amendment claim for deliberate indifference to serious medical needs against Dr. Naughton. The claim is based on allegations that Plaintiff had a lump over his left eye that he later learned was a lipoma. On February 11, 2019, Dr. Naughton performed surgery to remove

the lipoma, but Dr. Naughton was not a licensed surgeon, and the procedure was not performed in a surgical setting with proper surgical instruments and staff, and therefore, posed an unreasonable risk of harm to Plaintiff. (ECF No. 6 at 6:8-12.)

Dr. Naughton moves for summary judgment, arguing Plaintiff cannot demonstrate Dr. Naughton was deliberately indifferent when he removed Plaintiff's lipoma. Dr. Naughton also argues he is entitled to qualified immunity because he was not on clear notice his actions violated Plaintiff's Eighth Amendment rights.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that

one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute

be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister,* 753 F.3d 1060, 1066 (9th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976)).

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle*, 429 U.S. at 104. A claim for deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104); *see also Akhtar*, 698 F.3d at 1213.

If the medical need is "serious," the plaintiff must show that the defendant acted with deliberate indifference to that need. *Estelle*, 429 U.S. at 104; *Akhtar*, 698 F.3d at 1213 (citation omitted). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference entails something more than medical malpractice or even gross negligence. *Id*. Inadvertence, by itself, is insufficient to establish a cause of action under section 1983. *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Akhtar*, 698 F.3d at 1213 (citation omitted).

Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation marks and citation omitted).

Dr. Naughton provides a declaration that he is a licensed physician in the State of Nevada, and he was employed during the relevant time period by NDOC as a senior physician at NNCC. (Naughton Decl., ECF No. 17-1 ¶¶ 3, 5.) He has performed major and minor surgical procedures in Minnesota and Nevada since 1977. (*Id*. ¶ 7.) He maintains that Plaintiff's lipoma was removed in a procedure room built for this type of procedure, with the necessary equipment to conduct this procedure, and he had two nurses present in the procedure room during the procedure. (*Id*. ¶¶ 8-10.)

In his own declaration, Plaintiff states that during the procedure performed by

Dr. Naughton on February 11, 2019, he received no anesthetic, and there were no nurses present during the entire time of the procedure. (ECF No. 27 at 10 ¶¶ 4, 5.) He also asserts that Dr. Naughton did not use proper equipment nor an adequate procedure room, though his declaration does not elaborate on these issues. (*Id*. ¶ 7.)

Plaintiff also argues that Dr. Naughton is not a licensed surgeon, though he submits only inadmissible hearsay statements attributed to Nurse Melissa Michelle to support this asserted fact. (ECF No. 27 at 11-12.)

Plaintiff does not submit evidence that Dr. Naughton was required to be a licensed surgeon, as opposed to a licensed physician, to perform the excision of a lipoma. Nevertheless, Plaintiff presents some evidence to create a genuine dispute of material fact as to whether Dr. Naughton was deliberately indifferent in performing the procedure. First, he asserts Dr. Naughton did not provide any anesthetic in performing the procedure. Second, his declaration contradicts Dr. Naughton's statement that there were nurses present during the procedure. Neither party provides any evidence to address whether nurses were actually required to be present for Dr. Naughton to perform the procedure safely and reasonably.

Dr. Naughton also argues he is entitled to qualified immunity because it was not clearly established that any action he took was unconstitutional.

"In evaluating a grant of qualified immunity, a court considers whether (1) the state actor's conduct violated a constitutional right and (2) the right was clearly established at the time of the alleged misconduct." *Gordon v. County of Orange*, 6 F.4th 961, 967-68 (9th Cir. 2021) (citing *Saucier v. Katz,* 533 U.S. 194, 200-01 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009)). "'[A] court must ask whether it would have been clear to a reasonable

officer that the alleged conduct was unlawful in the situation confronted.'" *Id*. at 969 (quoting *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1867 (2017)).

It was clearly established that deliberate indifference is "the unnecessary and wanton infliction of pain." *Estelle,* 429 U.S. at 104 (citation and quotation marks omitted). If a jury believes Plaintiff's version of events, it could conclude that performing an excision of a lipoma above the eye without using any anesthetic and without the assistance of any medical staff rises to the level of unnecessary and wanton infliction of pain. Therefore, Dr. Naughton is not entitled to qualified immunity, and his motion for summary judgment should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Dr. Naughton's motion for summary judgment (ECF No. 17).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 25, 2023

_____
Craig S. Denney
United States Magistrate Judge