UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DARYON ROBINSON,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>DR. NAUGHTON,<br><br>　　　　　　　　　　　Defendant. | Case No. 3:21-cv-00210-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Daryon Robinson, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brought this action against Defendant Dr. Naughton under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need, an alleged violation of his rights under the Eighth Amendment (ECF No. 5 ("Complaint")). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 31 ("R&R")), recommending that the Court deny Dr. Naughton's motion for summary judgment (ECF No. 17 ("Motion")). Dr. Naughton filed an objection to the R&R (ECF No. 34 ("Objection")).[1] Because the Court agrees with Judge Denny's analysis despite the content of the Objection, the Court will adopt Judge Denney's R&R in full and overrule Dr. Naughton's objections.

　　　　The Court incorporates by reference and adopts Judge Denney's description of the case's background and procedural history. (ECF No. 31 at 1-2.)

　　　　To start, Dr. Naughton objects to Judge Denney's recommendation that his Motion be denied because the parties' competing declarations create genuine disputes of material fact precluding summary judgment. (ECF Nos. 34 at 3-6.) *See* 28 U.S.C. § 636(b)(1) (providing that, where a party timely objects to a magistrate judge's R&R, the

---

[1] The Court granted Dr. Naughton an extension of time to object to the R&R. (ECF No. 33.) Robinson has not yet filed a response to the Objection.

Court is required to "make a de novo determination of those portions of the [R&R] to which objection is made"). Dr. Naughton more specifically argues that Robinson did not provide any evidence that any anesthetic or additional medical staff were required for the challenged procedure, and seems to dispute that Robinson's sworn declaration is evidence. (ECF No. 34 at 3-6). Taking the second point first, Robinson's sworn declaration (ECF No. 27 at 10) is evidence that Judge Denney properly considered. *See* Fed. R. Civ. P. 56(c)(1)(A), (4) (providing that declarations based on personal knowledge, setting out facts admissible in evidence that the declarant is competent to testify to, may be used to oppose motions for summary judgment). And as Judge Denney identified, the parties dispute whether nurses were present during the challenged procedure, and Robinson swears Dr. Naughton used no anesthetic. (ECF No. 31 at 6 (identifying disputes of material fact created by comparing ECF No. 17-1 with ECF No. 27 at 10).) As to the first point, there are insufficient facts before the Court to determine whether a lack of anesthetic during the procedure would constitute deliberate indifference to medical needs. More broadly, the Court agrees with Judge Denney's analysis of Dr. Naughton's Motion and overrules Dr. Naughton's first objection because the competing declarations—particularly considering the lack of any other evidence—create genuine disputes of material fact rendering summary judgment inappropriate.

Next, Dr. Naughton objects that Judge Denney erred in his qualified immunity analysis and the Court should find Dr. Naughton entitled to qualified immunity. (ECF No. 34 at 6-7.) The Court disagrees. As Judge Denney found, the Court cannot determine whether Dr. Naughton is entitled to qualified immunity for violating Robinson's Eighth Amendment rights until the Court can determine whether Dr. Naughton's conduct constituted a violation of Robinson's Eighth Amendment rights. (ECF No. 31 at 6-7.) And as Judge Denney also found, disputes of material fact preclude the Court from making that determination at this time. (*See id.*) The Court accordingly also overrules Dr. Naughton's second objection.

The Court notes that Dr. Naughton made several arguments and cited to several

cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion and R&R before the Court.

It is therefore ordered that Dr. Naughton's objection (ECF No. 34) to the Report and Recommendation of United States Magistrate Craig S. Denney is overruled.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 31) is accepted and adopted in full.

It is further ordered that Dr. Naughton's motion for summary judgment (ECF No. 17) is denied.

It is further ordered that the Court finds it appropriate to refer this case to Judge Denney to conduct a settlement conference under LR 16-5. If settlement discussions are unsuccessful, the joint pretrial order is due 30 days from the date the settlement conference is held.

DATED THIS 15th Day of June 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE